**Jerry ROHRER, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant—Appellee.**

No. 06–56651.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2008.*

Filed May 16, 2008.

Laura Lackey–Krank, Esq., Law Offices of Rohlfing & Kalagian, Long Beach, CA, for Plaintiff–Appellant.

Deborah Lee Stachel, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

## MEMORANDUM **

Jerry Rohrer appeals the district court's summary judgment affirming the Social Security Administration's denial of his Title II disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's decision de novo. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir.2004). We affirm the Commissioner because he applied the correct law and substantial evidence supports the decision. *Id.*

Rohrer argues that the ALJ erred by rejecting his subjective testimony regarding the extent of his pain-caused functional limitations from August 1998 through November 30, 2001. Rohrer's serious impairments "could reasonably be expected to produce pain or other symptoms" and there was no evidence of malingering. Therefore, the ALJ could reject Rohrer's testimony about the severity of his symptoms only with "specific findings stating clear and convincing reasons." *Batson,* 359 F.3d at 1196 (internal quotation marks omitted). The ALJ advanced clear and convincing reasons supported by substantial evidence in the record to support his findings, concluding that Rohrer's testimony was inconsistent with his testimony about his daily activities, ability to participate at the hearing, medical records and findings, and lack of treatment for severe pain. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1040 (9th Cir.2007) (noting that the ALJ may consider daily activities and medical evidence inconsistent with the alleged symptoms, treatment for pain, and any other relevant factors).

Rohrer also argues that the ALJ improperly rejected a lay witness statement by his girlfriend regarding his daily living activities. An ALJ cannot disregard lay witness testimony without comment. *Stout v. Comm'r of Soc. Sec. Admin.,* 454 F.3d 1050, 1053 (9th Cir.2006). However, although he did not explicitly discuss Rohrer's girlfriend's statement, the ALJ did not reject the substance of the statement. The ALJ accepted Rohrer's 1999 statement regarding his daily living activities as true. Rohrer's own statement was more detailed than the girlfriend's, which was consistent with and cumulative of Rohrer's statement.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rohrer further contends that the ALJ should have separately considered his pre-surgery residual functional capacity. That argument lacks merit. The disability application upon which the ALJ ruled alleged an onset date only two months before Rohrer's surgery. Any pre-surgery impairment that Rohrer might have suffered therefore cannot satisfy the Social Security Act's twelve-month duration requirement. *See* 42 U.S.C. § 423(d)(1); *see also Barnhart v. Walton*, 535 U.S. 212, 214–215, 122 S.Ct. 1265, 152 L.Ed.2d 330 (2002).

AFFIRMED.